KATE M. GLORE, ADMINISTRATRIX OF THE ESTATE OF ROBERT GLORE, DECEASED, APPELLEES, v. GEORGE B., AND JULIA M. HARE, APPELLANTS.

Practice: APPEAL. An appeal taken on the 22d of August, from a judgment rendered February 21st, is not within the six months prescribed by the act of Mar. 3, 1873. Gen. Stat., 716.

MOTION to dismiss appeal.

*E. F. Warren*, for the motion, cited *Faure v. United States Express Co.*, 23 *Ind.*, 48. *Bigelow v. Wilson*, 1 *Pick.*, 485. *Verges v. Roush*, 1 *Neb.*, 345. *Wiggins v. Peters*, 1 *Metc.*, 127. *Avery v. Stewart*, 2 *Conn.*, 72. *Redgrave v. Baptist Church*, 1 *Neb.*, 345.

*William McLennan*, contra.

LAKE, CH. J.

The statute now governing appeals to this court was passed March 3, 1873, and section one of the act provides as follows:

"That in all actions in equity either party may appeal from the judgment or decree rendered, or final order made by the district court, to the supreme court of the State. The party appealing shall, *within six months after* the date of the rendition of the decree   *   *   *   *   procure from the clerk of the district

court, and *file in the office of the clerk of the supreme court*, a certified transcript of the proceedings had in the district court, containing, etc.,    *    *    *    and have the same properly docketed in the supreme court. *And on failure thereof*, the judgment or decree rendered *    *    *    *    shall stand and be proceeded in *as if no appeal had been taken.*"

For some purposes the whole term of court is considered as one day, no matter what time the act is done. We are however, of the opinion that the word "date" in this statute has reference to the day when the decree is actually rendered.    In this case the decree was rendered Feb. 21, 1874, and transcript filed here August 22, 1874.    Is this within the time prescribed by statute?    We think not. The rule of computation is to exclude the first day, then count the full number of days or months to be computed. One month would terminate 21st day of March, and six months on the 21st day of August.    This transcript is filed one day after, and is consequently too late.    We can no more extend the time one day than six months. The law requires diligence.    If the clerk below fails to make up the transcript in time, the appellant should appear here and suggest that fact.    If he files transcript after the time prescribed, he cannot complain of negligence of the clerk.

APPEAL DISMISSED.