[No. 1989.]

### DALY v. THE CONCORDIA FIRE INSURANCE CO.

1. CONTRACTS—LIMITATION.

Parties to a contract may by express provision therein provide for actions arising under or upon it, a shorter period of limitation than that provided by statute, and such provision will be valid and binding upon the parties.

2. CONTRACTS—TIME.

Where the word month is used in a contract it will be construed to mean a calendar month unless such construction is manifestly inconsistent with the intent of the parties, and a calendar month beginning on a certain day expires on the corresponding day of the next month, if there be such a corresponding day, if not, then on the last day of the succeeding month.

3. CONTRACTS—INSURANCE—LIMITATION—TIME.

Where an insurance policy provided that no suit or action thereon against the company should be sustainable unless commenced within six months next after the fire should occur, and a fire occurred on the 30th day of November, the six months expired on the 30th day of the next May, and an action commenced on May 31, was barred by the limitation of the contract.

*Error to the District Court of Lake County.*

Messrs. PATTERSON, RICHARDSON & HAWKINS, for plaintiff in error.

Mr. J. H. McCORKLE, for defendant in error.

WILSON, P. J.

This suit was brought on a policy of fire insurance to re-

cover for an alleged loss by fire. It involves the proper construction of the following clause in the policy:

" 8. It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within six months next after the fire shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding." The fire occurred November 30, 1894, and this suit was begun May 31, 1895.

It has been repeatedly decided in this state that the policy is the contract of insurance, and that it is to be considered and construed by the same rules of construction and interpretation as other contracts, so as to carry out the intention of the parties. *Ins. Co. v. Taylor*, 14 Colo. 499; *Ins. Co. v. Barker*, 6 Colo. App. 535. It is well settled by the great weight of authority that the parties to a contract may by an express provision therein provide for actions arising under or upon it, a less period of limitation than that provided by statute, and that such provision will be valid and binding upon the parties. *Riddlesbarger v. Ins. Co.*, 7 Wall. (U. S.) 387; *Hart v. Citizens Ins. Co. of Pittsburg, Pa.*, 86 Wis. 78; *King v. Ins. Co.*, 47 Hun, 2; *Brooks v. Ins. Co.*, 99 Ga. 116; *Peck v. Ins. Co.*, 102 Mich. 53; Wood on Limitations, § 42; May on Insurance, § 478.

The chief conflict of authority in the construing of insurance contracts containing such a provision is as to the time when the period of limitation begins to run. An examination of the authorities, however, will disclose that much of this conflict arises out of the language used in the contract, it seldom being the same in the contracts of different companies. Where the language used is of doubtful import, it is of course construed most favorably to the assured. It also

sometimes happens that the clause attempting to fix a period of limitation different from the statute, may be qualified by, or in conflict with other provisions of the contract, and in such case the construction will also be that most favorable to the assured; and even where these circumstances and conditions do not exist, the company may have done some act which caused or induced delay in the bringing of the action, and in such case, it is estopped from pleading the limitation fixed in the contract in bar of the action. No such circumstances or conditions are pleaded in this cause. On the contrary, it appears from the pleadings that within five days after the fire, the defendant company expressly repudiated and denied all liability. Where the language of the contract, however, is as plain and unambiguous as that contained in the clause under consideration, we find but little conflict of authority. The great weight is, that the language means exactly what it says, and that the period of limitation begins to run at the time of the fire. *McElroy v. Ins. Co.*, 48 Kan. 201; *Ins. Co. v. Stoffels*, 48 Kan. 205; *Chambers v. Ins. Co.*, 51 Conn. 17; *King v. Ins. Co.*, *supra*. The word "next," in the phrase—"shall be commenced within six months next after the fire shall occur"—upon which counsel lay such stress, has no ambiguous, extraordinary or qualifying meaning of which we can conceive. It means simply what it says, —that the action shall be commenced within the six months immediately following the fire, and next after it, not during some other six months commencing at some subsequent date. Had the word been omitted, possibly the sentence would have meant the same thing, but we do not see how its addition destroys or changes the manifest sense of the language used.

The chief question, however, and that to which counsel have devoted most of their argument, is, was the suit commenced within six months next after the fire? It is provided by law in this state that the word "month," wherever used in a statute, shall be construed to mean a calendar month, unless such construction shall be manifestly inconsistent with the intent of the legislature, or repugnant to the context of

the same statute.    Gen. Stats. sec. 3141; Mills' Ann. Stats. sec. 4185.    By analogy, therefore, it would be proper to construe the term in the same manner when used in contracts, and such is the general holding of the courts.    On what day, therefore, did six calendar months from November 30, 1894, expire?    Under all of the authorities without exception, which we have been able to find, the period would expire on May 30, 1895.    It is expressly held that a calendar month beginning on a certain day expires on the corresponding day of the next month, if there be such a corresponding day; if not, then on the last day of the succeeding month.    For instance, one calendar month from January 15, would expire on February 15, but one calendar month from January 30, would expire on February 28 or 29, if the month contained so many days.    The leading case which we find cited and relied upon with reference to this method of computation of time, is from the New York court of appeals,—*Roehner v. Knickerbocker Life Ins. Co.*, 63 N. Y. 161.    In that case, a party on December 11, gave a note for the premium on a policy of insurance payable four months after date, without grace.    The court held that it was due and payable on the 11th day of April following, and that a tender of payment on the 12th day of April was too late, and would not avail to prevent a forfeiture of the policy.    The court said, " When a promissory note is dated on a day of any month, and made payable at a specified number of months after that date, without days of grace, it accrues due and payable on the same day in the stipulated number of months afterward, with the day of the date of the note.    *Hartford Bank v. Barry*, 17 Mass. 94; *Ripley v. Greenleaf*, 2 Vt. 29.    The months after date are then fully complete."    Numerous other authorities are to the same effect.    We cite a few.    *Crocker v. Ball*, 59 Pac. Rep. (Kan.) 691; *Ins. Co. v. Little*, 20 Ill. App. 435; *Lentz v. Ins. Co.*, 96 Mich. 445; *Ins. Co. v. Meesman*, 2 Wash. 462; *Sheets v. Selden's Lessee*, 2 Wall. (U. S.) 190; *Lester v. Garland*, 15 Vesey, 248; *McGinn v. State*, 30 L. R. A. 454; *Tramways Co. v. Assurance Association*, 1 Q. B. 402;

1 Daniel, Neg. Ins. § 624. *Ins. Co. v. Little, supra,* was a case which involved the construction of a six months' limitation clause. The court said, "If the fire occurred, within the fair meaning of that clause, on the 23d day of August, 1884, then the suit not having been brought until the 24th day of February, 1885, it was too late, and the defense under the limitation clause was made out."

In *Sheets v. Selden's Lessee, supra,* Judge Field, speaking for the court, said, " The rent becoming due on the first day of May, the one month from that time within which the payment was required to be made to prevent a forfeiture, expired on the first day of June following."

In *Crocker v. Ball, supra,* it was held that where a corporation had suspended business on July 19, of a certain year, on July 20, of the following year, it had suspended business for more than one year.

In *Glore v. Hare,* 4 Neb. 132, it was held that an appeal taken on the 22d day of August from a judgment rendered February 21, was not within six months from the rendition of the judgment.

We have been cited to no authority laying down a different rule or method for the computation of time, and this seems to be in complete accord with common usage, and with common understanding. This being true, we are constrained to hold that this suit was barred by the limitation imposed by the contract. It was begun one day too late. The bar was complete with the expiration of the day of May 30. The court must be controlled by the contract which the parties themselves made ; it cannot make a new one for them. We are not at liberty to extend the time fixed by the contract within which action could be brought one day, any more than we could extend it for six · months or twelve months. The rights of both insurer and insured must be measured and governed by the terms of their own contract solemnly executed. *Ins. Co. v. Hayden,* 21 Colo. 135.

The judgment is affirmed.

*Affirmed.*