IN RE APPLICATION OF RUAN TRANSPORT CORP. OF NEBRASKA.
RUAN TRANSPORT CORP. OF NEBRASKA, APPELLEE, V. PEAKE, INC., NOW R. B. "DICK" WILSON, INC., OF NEBRASKA, APPELLANT.

79 N. W. 2d 575

Filed December 7, 1956. No. 34006.

*Viren, Emmert & Hilmes* and *G. M. Gunderson,* for appellant.

*J. Max Harding,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This matter originated before the Nebraska State Railway Commission, hereinafter referred to as the commission, by an application of Ruan Transport Corp. of Nebraska for a certificate of convenience and necessity. Peake, Inc., filed a protest. Later pleadings were filed by R. B. "Dick" Wilson, Inc., of Nebraska, formerly Peake, Inc. For convenience we refer to the pleadings as those of the protestant. There were other parties befor the commission. They are not involved in this appeal.

The matter was referred to an examiner who held hearings and made his report to the commission. The protestant filed exceptions to the report. The commission entered an order overruling the exceptions and granting in part the application. Protestant filed a motion for rehearing and reconsideration.

On January 13, 1956, the commission entered an order overruling the motion for rehearing and reconsideration.

On February 14, 1956, protestant filed notice of ap-

peal from the order entered on November 4, 1955, and from the order of January 13, 1956, denying protestant's motion for rehearing and reconsideration.

In the orders complained of, the commission ruled upon the question of the protestant's interest in the proceeding. It is that ruling that protestant desires to have reviewed here. Whether or not the certificate of public convenience and necessity should have been granted is not a question which protestant presents here.

The crucial dates here are January 13, 1956, when the order denying the motion for rehearing and reconsideration was made and entered, and February 14, 1956, when the notice of appeal was received and filed by the commission. They go to the question of the jurisdiction of this court to consider the appeal.

By the provisions of section 75-406, R. R. S. 1943, the procedure to obtain reversal, modification, or vacation of any order of the commission is governed by the provisions in force with reference to appeals from the district courts to the Supreme Court. See In re Application of Airline Ground Service, Inc., 151 Neb. 837, 39 N. W. 2d 809.

By the provisions of section 75-406, R. R. S. 1943, where a motion for rehearing has been filed, the time for appeal runs from the date of the ruling of the commission on the motion for rehearing. By the provisions of section 75-405, R. R. S. 1943, the time for appeal from the orders and rulings of the commission to the Supreme Court is limited to 1 month from the date of the entry of the order or ruling to which complaint is made. See In re Application of Chicago, B. & Q. R. R. Co., 154 Neb. 281, 47 N. W. 2d 577.

Section 25-2221, R. R. S. 1943, provides: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded."

February 14, 1956, was on a Tuesday.

In State ex rel. Smith v. Nebraska Liquor Control Commission, 152 Neb. 676, 42 N. W. 2d 297, we held: "Section 25-2221, R. R. S. 1943, establishes a uniform rule applicable alike to the construction of statutes and to matters of practice."

Section 49-801, R. R. S. 1943 (enacted in 1947, Laws 1947, c. 182, § 1, p. 601), provides: "Unless the context is shown to intend otherwise, words and phrases in the statutes of Nebraska hereafter enacted are used in the following sense: * * * (15) 'Month' means calendar month."

Sections 75-405 and 75-406, R. R. S. 1943, were enacted in 1949. See Laws 1949, c. 218, p. 618.

In McGinn v. State, 46 Neb. 427, 65 N. W. 46, 50 Am. S. R. 617, 30 L. R. A. 450, we defined calendar month as follows: "The term 'calendar month,' whether employed in statutes or contracts, and not appearing to have been used in a different sense, denotes a period terminating with the day of the succeeding month numerically corresponding to the day of its beginning, less one. If there be no corresponding day of the succeeding month, it terminates with the last day thereof."

Tested by these rules it appears that the time for filing of a notice of appeal had expired before protestant filed its notice herein. As we held in the early case of Glore v. Hare, 4 Neb. 131: "We can no more extend the time one day than six months."

It also appears from the transcript that the $20 docket fee was paid to the commission on February 14, 1956.

The filing of the notice of appeal and the payment of the docket fee within the time prescribed by section 25-1912, R. R. S. 1943, are jurisdictional requirements. See Moritz v. State Railway Commission, 147 Neb. 400, 23 N. W. 2d 545.

In re Application of Chicago, B. & Q. R. R. Co., *supra,* was an appeal from the commission to this court. We there held: "* * * if the appeal * * * is not * * * timely perfected within one month from the date of the entry of

the order to which complaint is made, then this court has no jurisdiction."

The appeal is accordingly dismissed.

APPEAL DISMISSED.