In re Kayka Seraphine Grass, Louis Dean Grass, and Lois Grass, Neglected Children. Mona Jane Grass Morimoto et al., appellants, v. Nebraska Children's Home Society et al., appellees.

121 N. W. 2d 26

Filed April 5, 1963. No. 35380.

Wright, Simmons & Hancock, for appellants.

Tracy J. Peycke, Donald L. Wood, and Marvin L. Holscher, for appellees.

Heard before White, C. J., Carter, Messmore, Yeager, Spencer, Boslaugh, and Brower, JJ.

Carter, J.

This is an appeal from an order of the district court for Scotts Bluff County refusing to vacate a decree by which the three children of petitioners were found to be neglected children within the meaning of the law, and their custody, care, and control placed in the Nebraska Children's Home Society, Omaha, Nebraska.

The evidence shows that Mona Grass Morimoto is a Sioux Indian who was born on the Sioux Indian Reservation. On September 27, 1961, she was married to Louis

Morimoto, a farmer of Japanese descent living near Mitchell, Nebraska. Some 12 years before the trial in the instant case Mona and Louis commenced living together as man and wife without going through the formalities of a marriage ceremony. Three children were born to this relationship,—Kayka Seraphine, age 6; Louis Dean, 3; and Lois, 1. Louis and Mona each testified that Louis was the father of the three children. Admittedly, Mona was unmarried at the time of the births of the three children.

On May 23, 1961, an action was commenced in the county court of Scotts Bluff County, the purpose of which was to have the children declared to be neglected children. Service of summons was had on Mona, but no service of summons or notice was had upon Louis, the putative father. An appeal was taken to the district court. On September 5, 1961, a hearing was held in the district court. The children were found to be neglected and custody of the three children was awarded to the Nebraska Children's Home Society. No appeal was taken from this order. On February 20, 1962, Mona and Louis filed their petition in the district court to procure the vacation of the order of September 5, 1961. The trial court denied the prayer of the petition. A motion for a new trial was filed and overruled. An appeal was thereupon taken to this court.

The petition to vacate the order of September 5, 1961, asserted that the petitioners were prevented by unavoidable casualty and misfortune from defending the action and that the order was void in that service of summons was not had upon Louis Morimoto, who had the actual physical custody of the two older children at the time the original action was commenced.

Section 43-206, R. R. S. 1943, provides in part: "Upon the filing of the complaint, a summons shall issue requiring the person having custody or control of the child, or with whom the child may be, to appear with the child at a place and time stated in the summons,

* * *." The evidence shows without dispute that the two older children were with Louis Morimoto and in his custody and control at the time the original action was commenced.

It is the contention of the State that a natural father of an illegitimate child is not a parent within the meaning of section 43-206, R. R. S. 1943. We point out, however, that the claim of the necessity for service of summons on Louis Morimoto is based on his having the children with him and under his control when the suit was commenced, and not on the basis of his relationship as father of the illegitimate children.

It is contended by the State that the acknowledgment of paternity by Louis Morimoto is of no import in the instant case. Section 13-109, R. R. S. 1943, provides: "A person may state in writing that he is the father of a child or perform acts, such as furnishing of support, which reasonably indicate that he considers himself to be the father of such child, and in such case he shall be considered to have acknowledged the paternity of such child. A child whose parents marry is legitimate."

The evidence is undisputed that Louis Morimoto cared for and supported these three children from birth. It is the contention of the State that section 13-109, R. R. S. 1943, imposes duties and obligations on the acknowledged father of an illegitimate child but grants him no rights with relation to the custody of the children. This raises a question that is not necessary to a decision in this case. The fact remains that Louis Morimoto had the actual physical custody of the two older children when they were taken into custody by the sheriff. By the express provisions of section 43-206, R. R. S. 1943, service of summons upon him was necessary to give the court jurisdiction by virtue of their being with him and under his control when the action was commenced.

It may be argued that the judgment was valid insofar as the award of custody of the youngest child, Lois, was concerned. The record shows that Mona was confined

in the county jail on the day the original action was commenced. She was permitted to keep the child with her in the jail, the child being less than three months old. The evidence shows that Louis had supported the child since birth by paying the laying-in hospital expenses of Mona when the child was born and affording the child support thereafter. He was the acknowledged father of the child. His custody and support of the child was interrupted when Mona was committed to jail, a matter over which he had no control. The temporary loss of custody and support while the child was occupying the county jail with her mother did not operate to divest Louis of the custody and support which he had afforded the child since her birth. For all practical purposes he had the same custody and control of Lois while she was occupying the jail with her mother as a matter of convenience as he had prior thereto. The evidence is not disputed that the child resided on the farm with Louis and Mona, and that she was then in the custody and under the joint control of Louis and Mona. We think it was necessary to the jurisdiction of the court to serve a summons on Louis in order to make a valid order finding Lois to be a neglected child and to award her custody to a third party. We therefore hold that in a proceeding under sections 43-205 and 43-206, R. R. S. 1943, it is essential to the jurisdiction of the court that a summons be served on the acknowledged father of an illegitimate child where such father has the custody and control of such child, as under the circumstances here shown at the time the action was commenced.

· The judgment of the district court, rendered on September 5, 1961, was therefore void and subject to collateral attack by a petition to vacate it. For the reasons stated, the judgment of the district court is reversed and the cause remanded with directions to vacate the judgment of September 5, 1961.

REVERSED AND REMANDED WITH DIRECTIONS.