IN RE KAYKA SERAPHINE GRASS, LOUIS DEAN GRASS, AND LOIS GRASS, NEGLECTED CHILDREN.
MONA JANE GRASS MORIMOTO ET AL., APPELLEES, V. NEBRASKA CHILDREN'S HOME SOCIETY, APPELLANT, IMPLEADED WITH COUNTY OF SCOTTS BLUFF, NEBRASKA, APPELLEE, KAYKA SERAPHINE GRASS ET AL., INTERVENERS-APPELLANTS.
126 N. W. 2d 184

Filed February 7, 1964. No. 35558.

Tracy J. Peycke, for appellant.

Mathews, Kelley & Cannon, for interveners-appellants.

Wright, Simmons & Hancock, for appellees Morimoto.

Donald L. Wood, for appellee County of Scotts Bluff.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an appeal from a judgment of the district court entered upon the mandate of this court in a prior appeal. The opinion of this court upon the prior appeal appears as Morimoto v. Nebraska Children's Home Society, 175 Neb. 174, 121 N. W. 2d 26.

On September 5, 1961, the district court for Scotts Bluff County, Nebraska, adjudged that Kayka Seraphine Grass, Louis Dean Grass, and Lois Grass were neglected children and awarded the permanent care, custody, and control of the children to the Nebraska Children's Home Society.

On February 20, 1962, this action was brought by Mona Jane Grass Morimoto and Louis Morimoto, the parents of the children, to vacate the judgment of the district court entered on September 5, 1961, and to obtain a new hearing in that proceeding. On July 2, 1962, after a hearing on the merits, the trial court found that the petition should be denied and, in effect, dismissed the action. A motion for new trial filed by the petitioners was overruled on August 7, 1962. A notice of appeal to this court was not filed until September 10, 1962.

This court held that the judgment of the district court of September 5, 1961, was void and subject to a petition to vacate by Louis Morimoto, a person having custody of two of the children, because there had been no service of summons upon him as required by section 43-206, R. R. S. 1943. Morimoto v. Nebraska Children's Home Society, supra. The judgment of the district court was reversed and the cause remanded with directions to vacate the judgment of September 5, 1961.

The mandate of this court was filed in the district court on May 24, 1963. On that date the district court entered the following judgment: "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the man-

date of the Supreme Court is hereby spread upon the records of this court. Judgment herein is hereby entered in accordance with said mandate. All previous orders of this court are hereby vacated and held for naught and this proceeding is hereby dismissed. The County of Scotts Bluff, Nebraska and Nebraska Children's Home Society is hereby ordered to forthwith return the children involved herein to this county and to deliver the same to their parents forthwith."

On May 27, 1963, the Nebraska Children's Home Society filed a motion for new trial and the children, appearing by Martin A. Cannon as their next friend, filed a petition for leave to intervene and a motion for new trial. These motions and motions to restrain further proceedings and for supersedeas were all overruled on that same day. Notices of appeal were then filed by the Nebraska Children's Home Society and the children appearing by their next friend.

On June 11, 1963, a motion for supersedeas filed in this court by the appellants was sustained. Thereafter, a supersedeas bond was filed and approved.

On August 12, 1963, the children, appearing by their next friend, filed a motion in this court to recall the mandate issued in the prior appeal and to dismiss that appeal because this court had never acquired jurisdiction of that appeal. This motion was heard and submitted on September 16, 1963. It was apparent that this motion, if sustained, would be determinative of this appeal. Therefore, the ruling on the motion was reserved until a hearing could be had upon the merits of this appeal.

On October 4, 1963, this court appointed Martin A. Cannon as guardian ad litem for the children. Section 43-206, R. R. S. 1943, provides that "in any case the judge may appoint some suitable person to act in behalf of the child."

The judgment on the mandate, which the trial court entered on May 24, 1963, did not respond to either the pleadings or the mandate. The petition filed on Feb-

ruary 20, 1962, by Mona Jane Grass Morimoto and Louis Morimoto sought to vacate the judgment of September 5, 1961, and obtain a new hearing. This court directed only that the judgment of September 5, 1961, be vacated. The district court was not directed to dismiss the action and there was no reason to dismiss the action at that time.

The proceedings had in 1961 which resulted in the judgment of September 5, 1961, awarding the custody of the children to the Nebraska Children's Home Society, were defective only in that a summons had not been served upon Louis Morimoto. In all other respects the proceedings were regular and valid.

The proceedings had in 1961 were commenced by the county attorney filing a complaint alleging that the children were neglected. A summons was issued and served upon Mona J. Grass, now Mona Jane Grass Morimoto, who was the mother of the children and had one of the children in her custody. The children were placed in the temporary care and custody of the county welfare department pending the hearing and disposition of the case. The judgment of September 5, 1961, awarded the permanent custody of the children to the Nebraska Children's Home Society.

At the time the proceedings had in 1961 were commenced, two of the children were in the custody of Louis Morimoto, and he was the acknowledged parent of the third child. Section 43-206, R. R. S. 1943, provides that upon the filing of the complaint, a summons shall issue requiring the person having custody or control of the child to appear with the child at the time and place stated in the summons. The statute further requires that the parents of the child, if living and if their residence is known, shall be notified of the proceedings.

The failure to comply with the statutory requirements concerning a summons and notice to Louis Morimoto deprived the district court of jurisdiction to adjudicate any right Louis Morimoto may have had to the custody

of the children. Ex parte Mallory, 122 Va. 298, 94 S. E. 782; Jones v. Davis (Tex. Civ. App.), 203 S. W. 2d 943; People ex rel. Riesner v. New York Nursery & Child's Hospital, 230 N. Y. 119, 129 N. E. 341; Jensen v. Hinckley, 55 Utah 306, 185 P. 716; Bleier v. Crouse, 13 Ohio App. 69. Thus, the judgment of September 5, 1961, was subject to a petition to vacate by Louis Morimoto.

Although Louis Morimoto was entitled to have the judgment of September 5, 1961, vacated, that alone did not establish his right to the custody of the children. A complaint had been filed by the proper officer which alleged that the children were neglected and that their welfare required that their custody be awarded to a public agency. The right which Louis Morimoto had was to be heard with reference to his claim to the custody of the children. This was the relief which the petition requested, and it is the only relief that should have been granted in the judgment upon the mandate.

The motion to recall the mandate issued in the prior appeal remains to be considered. The record shows that the motion for new trial was overruled on August 7, 1962, a Tuesday. The last day on which a notice of appeal to this court could have been filed was September 7, 1962, a Friday. § 25-1912, R. S. Supp., 1961; Ruan Transp. Corp. v. Peake, Inc., 163 Neb. 319, 79 N. W. 2d 575. The notice of appeal was not filed until September 10, 1962. The result of the failure to file the notice of appeal within the time required by the statute is that this court did not obtain jurisdiction of the appeal and the appeal should have been dismissed. Bebee v. Kriewald, 173 Neb. 179, 112 N. W. 2d 764.

The judgment of September 5, 1961, was subject to a petition to vacate by Louis Morimoto. Such a petition was filed by Louis Morimoto on February 20, 1962, but that proceeding resulted in a judgment entered on July 2, 1962, which dismissed the action. The judgment entered on July 2, 1962, became final when the time for appeal expired. Although the judgment was erroneous

it was not void. Louis Morimoto invoked the jurisdiction of the district court and he is bound by the judgment. Stenberg v. State ex rel. Keller, 48 Neb. 299, 67 N. W. 190. The legal effect of the judgment entered on July 2, 1962, was to determine that Louis Morimoto had no right to the custody of the children as of September 5, 1961.

The judgment of the district court is reversed and the cause remanded with directions to vacate the judgment entered on May 24, 1963.

The guardian ad litem is allowed a fee of $100 for his services in this court.

REVERSED AND REMANDED WITH DIRECTIONS.