STATE OF NEBRASKA, APPELLEE, v. JAMES WILLIAMSEN, APPELLANT.

159 N. W. 2d 206

Filed May 24, 1968. No. 36824.

Baylor, Evnen, Baylor & Urbom, Robert R. Gibson, and James Williamsen, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant entered a plea of guilty in the district court for Lancaster County, Nebraska, to the charge that he, on July 18, 1967, did feloniously, forcibly, and by violence take from the person of Hugo Fritts money of value with the intent to rob and steal. On August 4, 1967, accompanied by his attorney, he entered a plea of guilty to the charge. On August 18, 1967, he appeared in court for sentence, accompanied by his attorney, and was sentenced by the court to serve a term in the Nebraska Penal and Correctional Complex.

On September 19, 1967, defendant gave notice of appeal to this court. It is the contention of the Attorney General that the notice of appeal is out of time and that this court is without jurisdiction to hear the appeal.

It is provided by section 25-1912, R. R. S. 1943, that proceedings to obtain a reversal or modification of a judgment or final order of the district court, including judgments and sentences upon conviction for felonies and misdemeanors under the criminal code, shall be by filing in the office of the clerk of the district court in which the judgment or final order was rendered, within 1 month from the rendition of the judgment or final order, a notice of intention to prosecute such appeal. The judgment appealed from was entered on August 18, 1967, and the time to appeal therefrom terminated on September 18, 1967, a Monday. See § 25-2221, R. R. S. 1943. The filing of a notice of appeal on September 19, 1967, is out of time and cannot invest this court with jurisdiction to hear the appeal. Morimoto v. Nebraska Children's Home Society, 176 Neb. 403, 126 N. W. 2d 184; Ruan Transport Corp. v. Peake, Inc., 163 Neb. 319, 79 N. W. 2d 575. In the last-cited case, this court quoted the following with approval: "As we held in the early case of Glore v. Hare, 4 Neb. 131: 'We can no more

extend the time one day than six months.' "

We conclude that this court has no jurisdiction of the appeal in this case and the appeal must be dismissed.

APPEAL DISMISSED.