EVERLASTING GOLDEN RULE CHURCH, A MISSOURI CORPORATION, APPELLEE, V. DAKOTA TITLE & ESCROW COMPANY, A NEBRASKA CORPORATION, APPELLANT.
432 N.W.2d 803

Filed December 16, 1988.   No. 87-209.

Michael McCormack and Thomas J. Donnelly, of McCormack, Cooney, Mooney & Hillman, for appellant.

Michael M. O'Brien, of Matthews & Cannon, P.C., for appellee.

HASTINGS, C.J., WHITE, and CAPORALE, JJ., and QUIST, D.J., and COLWELL, D.J., Retired.

HASTINGS, C.J.

Defendant, Dakota Title & Escrow Company, has appealed from the judgment of the district court entered following the sustaining of plaintiff's motion for summary judgment. Defendant's assignments of error include the denial by the district court of defendant's motion for summary judgment, the granting of plaintiff's motion for summary judgment, and the failure of the trial court to grant a change of venue.

On August 31, 1983, the Everlasting Golden Rule Church (plaintiff), the defendant, World-Wide Steel Systems, Inc., and SWN Investment entered into an escrow agreement in reference to the purchase of real property described as "Lot 1, SWN Investments #2, a subdivision as surveyed, platted and recorded, Sarpy County, Nebraska." The pertinent portions of the agreement provided as follows:

> A. Seller [plaintiff] shall place the sum of $16,000.00 in an escrow account to be held by the Escrow Agent [defendant]; which sum represents an amount sufficient to protect the Buyer [SWN Investment] against a possible judgment lien against said property resulting from an action involving the Seller and the property described herein, which action is filed at Doc. 54, No. 187 of the District Court of Sarpy County, Nebraska, and is entitled "Clifford D. Gullett, Plaintiff, vs. World-wide Steel Systems, Inc., a Nebraska Corporation; The Everlasting Golden Rule Church, a Missouri Corporation, and Kelly Green, Defendants".

> B. That said sum shall be held pending resolution of said lawsuit, and upon resolution shall be distributed pursuant to the court's order.

Clifford D. Gullett, the plaintiff referred to in the escrow agreement, had obtained a judgment against World-Wide in an Iowa court, which, together with interest, amounted to $13,808.12 (apparently, the judgment was for $11,530.48 and accumulated interest to reach the sum of $13,808.12) as of April 19, 1983. On that date, Gullett filed a petition in equity in the district court for Sarpy County against World-Wide, the church, and Kelly Green. That case may be found at docket 54, page 187, and is the action referred to in the escrow agreement.

The petition alleged generally that World-Wide is a mere facade for the personal dealings of Green and that in an effort to hinder his creditors, Green transferred the property (the property described in the escrow agreement) from World-Wide to the church with the intent to hinder, delay, and defraud the creditors of World-Wide and Green. The petition further prayed that the court annul and set aside the transfer and that judgment be awarded the plaintiff against Green in the sum of $13,808.12, plus interest from March 1, 1983.

On April 16, 1984, Gullett filed another petition in the district court for Sarpy County seeking to register the Iowa judgment referred to above. In that action, found at docket 59, page 4, Gullett's motion for summary judgment in the amount of $11,530.48 plus interest of $4,003.58 as of August 30, 1984, was sustained and judgment entered accordingly. Gullett's attorney, on September 18, 1984, filed a praecipe with the clerk of the district court for Sarpy County for a

> writ of execution to levy upon all personal property of World-Wide Steel Systems, Inc., or specifically, any funds held by Dakota Title & Escrow Company, of World-Wide Steel Systems, Inc. under an Escrow Agreement dated August 31, 1983, to satisfy Plaintiff's judgment in the amount of $15,517.17.

On the same day, Gullett's attorney also filed a praecipe for a "writ of execution and levy upon all funds held by Dakota Title & Escrow Company Company [sic], of Kelly Green, under an Escrow Agreement dated August 31, 1983, to satisfy plaintiff's judgment in the amount of $300.00."

On September 18, 1984, the clerk of the district court issued the writs of execution as requested. One writ on its face showed that it pertained to the case of *Gullett v. World-Wide Steel Systems, Inc.*, at docket 59, page 4, and recited a judgment due of $15,517.17 plus costs in the amount of $88.36. The other writ pertained to the case of *Gullett v. World-Wide Steel Systems, Inc., et al.*, at docket 54, page 187 (the case referred to in the escrow agreement), and recited an amount of $300 due on a judgment, together with $224.98 in costs.

Both writs were served on the defendant on September 21, 1984, by a deputy sheriff. The sum of $15,948.14, covering

judgment, costs, service, and return, was collected on the writ in docket 59, page 4; and $51.86, covering a portion of the judgment, costs, service, and return, was collected on the writ in docket 54, page 187. These amounts were paid by the deputy sheriff into the district court for Sarpy County. The sum of $16,000 was then paid over to Gullett, and a satisfaction of judgment for the second lawsuit (not the one involved in the escrow agreement) was filed on September 26, 1984.

Gullett, now having recovered all moneys to which he was entitled, albeit in a roundabout fashion, moved to dismiss the first lawsuit (the one involved in the escrow agreement). An order of dismissal in docket 54, page 187, was entered by the court on January 22, 1985. At the same time, the court ordered that "any monies now on deposit with Dakota Title and Escrow Company, or received by Dakota Title and Escrow Company in the future pursuant to an escrow agreement dated August 31, 1983 . . . should be paid to Kelly Green, President of the Everlasting Golden Rule Church."

Dakota Title, having already paid out the money on deposit pursuant to the writs of execution, refused to pay Green and the church. On February 8, 1985, the church filed the present action in the district court for Douglas County against Dakota Title for breach of contract. The petition alleged that Dakota Title violated the covenants of the escrow agreement by paying out the $16,000 to a creditor of World-Wide.

Generally, Dakota Title's defense was that it had paid out the money to the sheriff in accordance with the writs of execution. The only problem with this contention, innocent though Dakota Title may have been, is that it did not pay out the money in accordance with a proper court order of the district court for Sarpy County in docket 54, page 187.

There were no disputed questions of fact. Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from material facts, and when the moving party is entitled to judgment as a matter of law. *Wilson v. F & H Constr. Co.*, 229 Neb. 815, 428 N.W.2d 914 (1988). In reviewing a summary judgment, this court views

the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

Although it is possible to engender a great deal of sympathy for the position in which Dakota Title finds itself, the fact remains that it paid the money under the writ of execution without challenge when it should have been quite apparent that such payment was not being made "pursuant to the court's order" (in docket 54, page 187) as provided for in the escrow agreement. Plaintiff was entitled to judgment as a matter of law.

Dakota Title's contention regarding the refusal of the district court for Douglas County to grant a change of venue to the district court for Sarpy County is apparently premised on the fact that all prior proceedings had been had in the latter court. However, this is not sufficient justification for a mandatory change of venue. Where the record does not show an abuse of discretion, a ruling on a motion to transfer venue will not be disturbed on appeal. *Johnsen v. Parks*, 189 Neb. 712, 204 N.W.2d 804 (1973). There was no abuse of discretion.

The judgment of the district court is affirmed.

Affirmed.