DON BLAZEK, SR., DOING BUSINESS AS BLAZEK AUTO PARTS, APPELLANT, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE.

441 N.W.2d 205

Filed June 16, 1989.    No. 87-1019.

John W. Steele, of Schumacher & Achelpohl, for appellant.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows, and Wendy E. Hahn for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiff, Don Blazek, Sr., doing business as Blazek Auto Parts, commenced this action to obtain a declaratory judgment declaring that the part of the Omaha Municipal Code which regulates the automotive salvage business is unconstitutional. The defendant, City of Omaha, filed an answer and a motion for summary judgment. The trial court found that the plaintiff lacked standing to challenge the ordinance, that the action was barred by res judicata, and that the defendant's motion should be sustained. The plaintiff has appealed.

The first amended petition alleged that the plaintiff operates a licensed used car business and automotive parts business in Omaha, Nebraska; that the plaintiff buys used, abandoned, and wrecked automobiles for the purpose of repairing and reconditioning them; that it is often necessary to take the used cars apart to see if they are repairable; that the plaintiff has attempted to comply with the ordinance but is unsure of his rights and has been repeatedly threatened with prosecution for operating a salvage business in violation of the ordinance; and that the ordinance is unconstitutionally vague, overbroad, and not uniformly enforced or subject to being uniformly enforced.

The plaintiff prayed for a judgment declaring the ordinance unconstitutional and enjoining the defendant from prosecuting the plaintiff under the ordinance.

The evidence received at the hearing on the motion for summary judgment consisted of the records in six previous cases involving controversies between the defendant and the plaintiff concerning the ordinance.

On May 30, 1986, the city commenced an action against the plaintiff to enjoin him from operating an automobile salvage business on the premises without a permit. The petition alleged that the plaintiff was then operating an automobile salvage business in violation of the ordinance; that the plaintiff's permit to operate the business had been revoked on October 14, 1985; that the plaintiff's application for a new permit was denied on February 11, 1986; that the plaintiff's petition in error to review the denial of a permit had been dismissed on May 22, 1986; and that the plaintiff continued to operate his salvage business in violation of the ordinance.

The action commenced May 30, 1986, resulted in a consent decree entered on June 12, 1986, which permanently enjoined the plaintiff from operating an automotive salvage business without a permit from the city. The finding of the trial court that this action was barred by res judicata was based upon the judgment entered on June 12, 1986.

The plaintiff contends that res judicata is not applicable because the validity of the ordinance was not an issue in the prior action, and a prior consent decree may not be used as a basis for res judicata.

The fact that the validity of the ordinance was not raised in the prior action is not controlling. Res judicata applies to both the issues raised and issues which could have been raised in the prior litigation. If the ordinance was invalid, that could have been raised by the plaintiff as a defense to the relief the city requested and obtained in the prior action.

A judgment of the district court in a former action is final as to every issue there decided and every other issue which could have been decided in the case. *Farmers State Bank v. Germer*, 231 Neb. 572, 437 N.W.2d 463 (1989).

A consent decree or consent judgment operates on the

merits, and is as final and binding upon the parties as a decree rendered after a hearing on the merits. *State ex rel. Beck v. Lush*, 170 Neb. 376, 103 N.W.2d 136 (1960). A consent judgment is given greater force than an ordinary judgment and, generally, may not be modified or set aside except for fraud or mutual mistake. *McArthur v. Thompson*, 140 Neb. 408, 299 N.W. 519 (1941); *Kanouff v. Norton*, 160 Neb. 593, 71 N.W.2d 89 (1955); *Detter v. Erpelding*, 176 Neb. 600, 126 N.W.2d 827 (1964); *Lawson v. Lawson*, 185 Neb. 164, 174 N.W.2d 202 (1970).

Except where an important public policy would be violated, judgments entered by agreement or consent are generally given a conclusive effect and are res judicata. See, *Loup County v. Rumbaugh*, 151 Neb. 563, 38 N.W.2d 745 (1949); Annot., 91 A.L.R.3d 1170 (1979).

It is unnecessary to consider the other assignments of error. The judgment of the district court is affirmed.

AFFIRMED.