A.G.A. INC., APPELLEE, V. FIRST NATIONAL BANK, HOLDREGE, NEBRASKA, APPELLANT.
474 N.W.2d 655

Filed September 13, 1991.   No. 89-454.

Patrick J. Nelson, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellant.

Kenneth F. George, of State, Yeagley & George, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

In this action, the plaintiff, A.G.A. Inc. (A.G.A.), sought to recover damages from the defendant, First National Bank, Holdrege, Nebraska (Bank), in connection with the Bank's receipt, as escrow agent, of an $11,100 payment made by A.G.A. in accordance with an installment contract for the sale of land. A.G.A. proceeded on theories of conversion, breach of contract, negligence, breach of fiduciary duty, and money had and received by the Bank for the use of A.G.A.

The district court sustained A.G.A.'s motion for summary judgment and awarded A.G.A. damages of $11,100 and prejudgment interest of $4,853.59. The Bank has appealed, contending the trial court erred (1) in overruling the Bank's demurrer, (2) in overruling the Bank's motion for summary judgment, (3) in sustaining A.G.A.'s motion for summary judgment, (4) in awarding A.G.A. damages, and (5) in awarding A.G.A. prejudgment interest.

We have said that summary judgment is properly granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or as to the ultimate inferences deducible from such facts and that the moving party is entitled to judgment as a matter of law. *Logan Ranch v. Farm Credit Bank*, 238 Neb. 814, 472 N.W.2d 704 (1991). After the movant has shown facts entitling the movant to summary judgment as a matter of law, the opposing party has the burden of presenting evidence to show an issue of material fact which prevents a judgment as a matter of law. *Id*. In an appellate review of a summary judgment, this court reviews the evidence in a light most favorable to the party against whom the judgment was granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id*.

The record shows that on July 23, 1982, A.G.A.'s predecessors in interest, Arlynn and Emily Aldinger, purchased 160 acres of farmland and related personal property from

Ronald and Connie Strasburger pursuant to an "installment sale land contract" in which the Bank was nominated as escrow agent. The parties agreed that the purchase price of $380,000 would be paid as follows:

(A.) The sum of <u>Five Thousand and no/100 Dollars ($5,000.00)</u> has been paid by Buyers to Sellers prior to the execution of this Contract . . . .

(B.) The sum of <u>Forty-five Thousand and no/100 Dollars ($45,000.00)</u> to be paid July 20, 1982 and upon signing of this Contract by both Buyers and Sellers

(C.) The sum of <u>Forty Thousand and no/100 Dollars ($40,000.00)</u> on March 1, 1983.

(D.) The balance of <u>Two Hundred Ninety Thousand and no/100 Dollars</u> shall be paid in the form of Four (4) annual installments of <u>$23,949.96 each</u>, plus interest at <u>14%</u> per annum from and after March 1, 1983, with the 1st. payment of <u>$23,949.96,</u> plus interest to be due March 1, 1984, and like amounts on the first day of each and every March thereafter until March 1, 1987 when final installment will be due, and with the total principal paid to Sellers during the four (4) year period to be in the amount of <u>$95,799.85,</u> and which total amount liquidates the Seller's equity upon payment of the fourth (4th.) installment due March 1, 1987.

The remaining balance of <u>$194,200.15</u> is the balance unpaid on a certain First mortgage in favor of John Hancock Mutual Life Insurance Company now of record against said property, after the principal payment and interest is paid by Sellers on March 1, 1983, and which mortgage calls for semi-annual payments of $11,100.00, which includes interest at rate of <u>$10^{1}/_{4}\%$</u> per annum, and Buyers to pay these payments to the Sellers on Sept. 1 and March 1, from and after March 1, 1983, and the Sellers will in turn pay such payments to the said mortgagee so as to keep said mortgage payments current and paid during term of this contract, and on March 1, 1987, and at time of delivery of deed and bill of sale from said escrow agent, the Buyers will assume and pay the unpaid principal balance then remaining unpaid on said First Mortgage,

and as a part of the total consideration set forth in this contract.

This case concerns the $11,100 mortgage payment due September 1, 1985.

Contract paragraph 8 contained the following escrow provisions:

A warranty deed to the real estate and a bill of sale to the personal property described herein is to be executed and signed simultanously [sic] herewith from Sellers to Buyers, which deed and bill of sale is to be held in escrow by the First National Bank, Holdrege, Nebraska, who are hereby designated and authorized to act as the escrow agent in this transaction, and who are hereby authorized by Sellers to receive all payments of money as set forth in this contract from and after March 1, 1983 to be paid by Buyers, and are authorized and directed to deliver the said warranty deed and bill of sale to said Buyers upon receipt from Buyers of all the payments of money to be paid by them under terms and agreements set forth in this contract.

On July 26, 1982, the Bank's escrow officer signed the "Escrow Acceptance," found on the last page of the contract, which provided: "We, the undersigned, First National Bank, of Holdrege, Nebraska acknowledge receipt of the heretofore mentioned warranty deed and bill of sale and a signed copy of this contract and agree to act as the escrow agent as provided herein."

In December 1983, the Aldingers incorporated their farming operation and, in exchange for A.G.A.'s stock, conveyed and assigned their rights, title, and interest in the contract to A.G.A.

A.G.A. and the Aldingers made a number of payments pursuant to the contract, in each instance delivering a check to the Bank, which accepted the payments on behalf of and acting for the Strasburgers. The check at issue in this action was made payable to "Ron Strasburger Land Account First National Bank" in the amount of $11,100. The check was dated and delivered to the Bank on August 28, 1985. On or about August 29, 1985, the check was presented for payment and was paid.

At some time after the Bank received the check, it applied the full amount directly against and in reduction of certain indebtedness then owed to the Bank by the Strasburgers, and did not apply the check proceeds to the Hancock mortgage. Consequently, in January 1987, Hancock foreclosed its mortgage, completely terminating the rights of A.G.A. in and to the property.

Reviewing the evidence in the light most favorable to the Bank, it is clear that the Bank breached its contract to act as escrow in this transaction. The Bank contends that, as escrow, it only had the duty to hold and deliver the deed and bill of sale upon receipt from A.G.A. of all payments of money to be paid by it under terms and agreements set forth in the contract, and claims it had no contractual duty to see that the $11,100 check was used to pay the Hancock mortgage. We disagree.

The Bank agreed to act as the escrow agent as provided in the contract. Pursuant to the contract, the Bank was "designated and authorized to act as the escrow agent in this transaction" and was "authorized by [Strasburgers] to receive all payments of money *as set forth in this contract* from and after March 1, 1983 to be paid by [A.G.A.]." (Emphasis supplied.) The contract clearly and specifically provides that the $11,100 payments to be made by A.G.A. on March 1 and September 1 were to be applied to the Hancock mortgage so as to keep the mortgage payments current and paid during the term of the contract.

In *Katleman v. U. S. Communities, Inc.*, 197 Neb. 443, 447, 249 N.W.2d 898, 901 (1977), this court said:

> While escrows traditionally involve documents, it is no longer open to question that money may also be delivered in escrow....
>
> Where a person assumes to and does act as the depositary in escrow, he is absolutely bound by the terms and conditions of the deposit and charged with a strict execution of the duties voluntarily assumed. He is held to strict compliance with the terms of the escrow agreement. If he violates instructions or acts negligently, he is ordinarily liable for any loss occasioned by his breach of duty.

See, also, *Everlasting Golden Rule Ch. v. Dakota Title*, 230 Neb. 590, 432 N.W.2d 803 (1988).

In general, in an arrangement of this type, the escrow agent is the agent of both parties. See, e.g., 28 Am. Jur. 2d *Escrow* § 11 (1966). Even if it is assumed that the Bank was acting solely as the agent of the Strasburgers in accepting payments due under the contract, Strasburgers were bound by the contract to apply the payment in question to the Hancock mortgage and were not free to direct the Bank to apply A.G.A.'s $11,100 payment to another debt.

Once the Bank, as escrow agent, voluntarily began receiving and accepting the mortgage payments required to be made pursuant to the contract, the Bank was required to strictly comply with the terms of the contract regarding the disposition of the payments it received. It did not do so. There is no question of fact as to the Bank's liability, and the district court properly sustained A.G.A.'s motion for summary judgment.

The Bank also contends the district court erred in awarding A.G.A. prejudgment interest. Neb. Rev. Stat. § 45-103.02 (Reissue 1988), relating to prejudgment interest, does not apply to causes of action which accrued prior to January 1, 1987. See, 1986 Neb. Laws, L.B. 298; *Knox v. Cook*, 233 Neb. 387, 446 N.W.2d 1 (1989). Since the cause of action in this case accrued in 1985, § 45-103.02 does not apply.

Prejudgment interest may not be awarded on unliquidated claims. In *Atokad Ag. & Racing v. Governors of Knts. of Ak-Sar-Ben*, 237 Neb. 317, 325, 466 N.W.2d 73, 79 (1991), we said:

> "A claim is unliquidated where a reasonable controversy exists either as to the right to recover or as to the amount of such recovery." *Suess v. Lee Sapp Leasing*, 229 Neb. 755, 764, 428 N.W.2d 899, 905 (1988). A two-pronged inquiry is required. There must be no dispute either as to the amount due or as to the plaintiff's right to recover, or both.

See, also, *Otto Farms v. First Nat. Bank of York*, 228 Neb. 287, 422 N.W.2d 331 (1988).

In this case, there was no dispute as to the amount due and no reasonable controversy regarding the Bank's liability to A.G.A.

Under the circumstances, the district court did not err in awarding A.G.A. prejudgment interest.

The judgment of the district court is affirmed.

AFFIRMED.