STEVEN A. EGGLAND, APPELLANT, V. CAROL A. EGGLAND,
APPELLEE.

482 N.W.2d 245

Filed April 3, 1992. No. S-89-1202.

Tom A. Wilson and, on brief, James Michael Edgar, of Edgar & Wilson Law Offices, for appellant.

Paul E. Galter, of Bauer, Galter & O'Brien, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Under the doctrine of res judicata, an issue raised sua sponte by this court, Steven A. Eggland's appeal of an order of the district court for Lancaster county denying his petition for a partnership accounting must be dismissed. An appellate court may raise the issue of res judicata sua sponte, which this court has elected to do. See *Dakota Title v. World-Wide Steel Sys.*, 238 Neb. 519, 471 N.W.2d 430 (1991).

The issues in this partnership accounting case were determined in the dissolution of marriage proceedings of the parties, which determination was not appealed. We therefore dismiss this appeal.

The marriage of the parties to this action for a partnership accounting was dissolved in 1982 in docket 358, page 167, of the records of the district court for Lancaster County. Through the property settlement agreement which was approved by that court, the parties established an equal partnership in three parcels of real estate. Under the settlement, the ex-husband was required to pay his ex-wife $132,071 to equalize the distribution of marital property. The partnership assets were to be sold, and the ex-wife was to be paid her award of $132,071 from the

ex-husband's share of the proceeds.

Some real estate in the partnership was sold, and the ex-husband paid some additional money on the debt to his ex-wife. However, a dispute arose between the parties, and on August 29, 1988, the ex-wife filed an application in the dissolution proceedings to determine her ex-husband's liability to her. A hearing, originally set for October 21, 1988, on "the Application of [the wife] to determine liability of [the husband] and for entry of judgment *and the Responsive Pleading, Claim for Set Off, and Counter-Claim of [husband]*" (emphasis supplied) was continued until November 2, 1988. At the November 2 hearing, the court, pursuant to stipulation, ordered the ex-husband to satisfy the ex-wife's then existing judgment against him in the sum of $117,071, together with interest at the rate of 10 percent per annum from July 26, 1985. The ex-wife was to be paid $25,000 forthwith, and the ex-husband was ordered to place $35,000 in escrow. The ex-wife was given full ownership of 28 rental units known as the J Street property, plus real estate located at 1910 A Street, all in Lincoln, Nebraska.

The sum of $35,000 was to be held in escrow "until such time as it is determined whether [the ex-husband] is entitled to set offs, damages, compensation, or other credits by reason of actions of [the ex-wife] with reference to the 'J' Street property, property at 1910 'A' Street, or other actions in connection" with the partnership.

The ex-husband was given until January 2, 1989, to take action with reference to any claims that he had for damages, setoffs, compensation, or credits referred to in the court's order, which, if any, were to be paid to the ex-husband out of the escrow account, with the balance of the escrow account to be disbursed to the ex-wife.

On December 30, 1988, the ex-husband filed a separate action for accounting of partnership funds, naming his ex-wife as the defendant.

Issues were joined in the accounting action, and pursuant to stipulation, the ex-wife's application for determination of liability in the dissolution proceedings was joined for trial with the accounting action brought by the ex-husband. On August

17, 1989, after an evidentiary hearing, the trial court found that the ex-husband failed to satisfy his burden of proof with reference to the allegations set forth in the petition for accounting. *By separate order*, the trial court dismissed the accounting action. The ex-husband has appealed that order of the district court.

On August 17, 1989, following the same hearing referred to in the preceding paragraph, the trial court, in the dissolution of marriage proceedings, *by separate order*, found: "[T]he evidence fails to establish that the [ex-husband] is entitled to any set offs, damages, compensation or other credits by reason of actions of Petitioner with reference to property previously owned by 'Eggland Partnership' . . . ." The court ordered that the $35,000 in escrow, together with accrued interest from that sum, be turned over to the ex-wife. The court ordered the ex-wife, upon receipt of the escrow money and interest, to satisfy her judgment against the ex-husband. In its order in the dissolution proceedings, the court also dismissed the ex-husband's partnership accounting action. The ex-husband filed no notice of appeal in the dissolution proceedings.

The major issue in both the dissolution and the partnership accounting proceedings was whether the ex-husband was entitled to any setoffs, damages, compensation, *or other credits* by reason of the actions of his ex-wife in regard to the partnership property. It is readily apparent that the ex-husband's counterclaim in the dissolution proceedings and petition for partnership accounting are based upon the alleged misconduct of the wife in handling the parties' partnership property. The ex-husband's pleadings in the dissolution proceedings and in the partnership accounting action merely set forth different theories of recovery.

We take judicial notice that no appeal was taken in regard to the district court for Lancaster County's order in the dissolution proceedings and that that order became final. That being true, the issues in the ex-husband's claim for a partnership accounting are controlled by the doctrine of res judicata. Res judicata bars relitigation of those matters which have been litigated to finality. See *Dakota Title v. World-Wide Steel Sys.*, 238 Neb. 519, 471 N.W.2d 430 (1991).

In an order to show cause why the appeal in this partnership accounting case should not be dismissed, this court pointed out that in both the accounting and the dissolution cases the issues revolved around whether Steven Eggland was entitled to any damages, compensation, or other credits from Carol Eggland because of the manner in which she handled property of the Eggland Partnership, of which each party owned one-half as a result of the dissolution of their marriage. This court also pointed out that no notice of appeal had been filed in the dissolution proceedings and that it appeared that those proceedings had become final and dispositive of the issues in the accounting case. In his response to the show cause order, Steven Eggland claimed that because the dissolution proceedings and partnership accounting action were consolidated for trial in the district court, to appeal both cases it was necessary to perfect an appeal in only one of the cases. For that position, appellant relied upon our holding in *Southwest Bank of Omaha v. Moritz*, 203 Neb. 45, 277 N.W.2d 430 (1979):

> Where, by stipulation of the parties and order of the court, two lawsuits, having a common issue determinative of both, are consolidated for trial and *only one judgment* is entered affecting two adverse parties on the common issue, the parties have, in effect, made one lawsuit out of two and the appealing party need file only one notice of appeal to this court.

(Emphasis supplied.) (Syllabus of the court.)

In the Eggland dissolution and accounting cases, there are two separate judgments. In the dissolution proceedings order, the trial court found that the ex-husband was not entitled to any setoffs, damages, compensation, or other credits by reason of the actions of the ex-wife with reference to property previously owned by the Eggland Partnership commonly known as the J Street property and property at 1910 A Street, and that by reason thereof, the $35,000 held in escrow, plus all accrued interest, was to be turned over to the ex-wife as her sole and separate property, free and clear of any claim by the ex-husband. The trial court also dismissed the ex-husband's accounting petition. In its posttrial order dismissing the partnership accounting, the court did not mention the $35,000

award to Carol Eggland in the dissolution proceedings or that she was ordered to satisfy the judgment in her favor in the dissolution proceedings. In the partnership accounting order, the trial court found that the ex-husband had failed to satisfy his burden of proof with reference to the allegations set forth in his petition for accounting.

We hold that because the issues in this partnership accounting action are the same issues decided in the dissolution proceedings and because the dissolution proceedings became final, the trial court's holding denying Steven A. Eggland's request for a partnership accounting must be affirmed under the doctrine of res judicata.

AFFIRMED.