986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
G. Ronald GERINGER, Appellant,
v.
CITY OF OMAHA, A Political subdivision of the State of
Nebraska, Appellee.
 No. 92-2779.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 4, 1993.
Filed: January 22, 1993.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 G. Ronald Geringer appeals the district court's[1] grant of summary judgment for the City of Omaha (City), in his 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 Geringer filed this action against the City alleging that he was employed as a community developer in the Urban Planning Department between 1974 and 1988. He alleged the City terminated his employment because he breached an agreement not to perform consulting work for a private corporation that conducted business with the City, and because he denied knowledge of any indiscretions when the Department of Planning first contacted him about certain suspect transactions. He alleged that on April 4, 1988, the City conducted a pre-termination hearing and then notified him that he would be terminated. He appealed to the Omaha Personnel Board, arguing the termination was wrongful and the pre-termination hearing was "fully inadequate" because he was not provided adequate notice of the charges against him and he was not fully informed of the evidence supporting the charges. He denied that he had willfully misled the investigation. The Personnel Board denied his appeal after an administrative hearing in June 1988. Geringer next filed an action in state court, alleging that the June 1988 administrative hearing decision was not supported by sufficient evidence and was arbitrary and capricious. The Nebraska Supreme Court affirmed his termination. Geringer v. City of Omaha, 468 N.W.2d 372 (Neb. 1991).
 
 
 3
 Geringer filed this section 1983 action on March 4, 1991, claiming the pre-termination hearing violated due process and wrongfully deprived him of liberty and property. On motion for summary judgment, the district court held that, under Nebraska law, Geringer could have raised his section 1983 claims in state court, and therefore, res judicata barred this federal suit, citing Blazek v. City of Omaha, 441 N.W.2d 205, 207 (1989).
 
 
 4
 We review a grant of summary judgment de novo and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Geringer did not adequately respond to the City's summary judgment motion, see Fed. R. Civ. P. 56(e), and the City was entitled to judgment as a matter of law.
 
 
 5
 A federal court must give a state court judgment the same preclusive effect it would be given under the law of the rendering state. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). The full faith and credit statute, 28 U.S.C. § 1738, "does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481-82 (1982). State court proceedings need do no more than satisfy the minimum procedural due process requirements of the Fourteenth Amendment in order to qualify for full faith and credit. Id. at 481.
 
 
 6
 The doctrine of res judicata applies in Nebraska when the judgment was rendered by a court of competent jurisdiction, the judgment was on the merits, the matter currently at issue was or might have been determined in the former suit, and the controversy adjudicated in the prior suit was between the parties to the present action or their privies. Blazek, 441 N.W.2d at 207; Graham v. Waggener, 367 N.W.2d 707, 709 (Neb. 1985) (per curiam). All four elements are satisfied in this case.
 
 
 7
 There is no merit to Geringer's arguments. The Supreme Court of Nebraska has held that federal civil rights claims may be pursued in state court in the procedural context of state court review of a state administrative agency's decision. Maldonado v. Nebraska Dept. of Public Welfare, 391 N.W.2d 105, 109 (Neb. 1986). Geringer could have raised his section 1983 claim while appealing the Personnel Board decision. Geringer named the City as a defendant in both his state and federal actions. It is immaterial that he named the Omaha Personnel Board as an additional defendant in his state action. In light of Maldonado, Geringer's statutory arguments that Nebraska law permitted, but did not require him to pursue section 1983 claims at the same time that he appealed the state agency determination, are without merit.
 
 
 8
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska