KARL D. KIRKLAND, APPELLEE, V. ALVIN ABRAMSON, DIRECTOR,
DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEBRASKA,
APPELLANT.
538 N.W.2d 752
Filed October 27, 1995.   No. S-94-026.

Don Stenberg, Attorney General, and Amy Hollenbeck for appellant.

Gary L. Hogg for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

Karl D. Kirkland's driver's license was revoked by the Department of Motor Vehicles (Department) after he was arrested for driving while intoxicated. Kirkland filed with the Department a motion for reinstatement, which was denied. On

petition for judicial review, the revocation was affirmed by the district court. Subsequently, Kirkland filed with the Department a second motion for reinstatement, which was also denied. On petition for judicial review, the district court vacated the Department's order and ordered the Department to reinstate Kirkland's driver's license without payment of any reinstatement fees. The Department appeals.

## SCOPE OF REVIEW

When a petition instituting review pursuant to the Administrative Procedure Act is filed, a judgment rendered or a final order made by the district court may be reversed, vacated, or modified by the Supreme Court or the Court of Appeals for error appearing on the record. *Garcia v. Nebraska Dept. of Motor Vehicles, ante* p. 251, 533 N.W.2d 911 (1995).

An appellate court may raise the issue of res judicata sua sponte. *Hangman v. Bruening,* 247 Neb. 769, 530 N.W.2d 247 (1995); *Eggland v. Eggland,* 240 Neb. 393, 482 N.W.2d 245 (1992).

## FACTS

On or about June 13, 1993, Kirkland was issued a citation for driving while intoxicated, pursuant to Neb. Rev. Stat. § 39–669.07 (Cum. Supp. 1992) (recodified at Neb. Rev. Stat. § 60–6,196 (Reissue 1993)). The arresting officer impounded Kirkland's driver's license and issued Kirkland a 30–day temporary license.

On July 15, 1993, Kirkland pled no contest in Buffalo County Court to willful reckless driving, and he was found guilty as charged. On the same day, a formal hearing regarding Kirkland's license revocation was held before the Department, and on July 22, the Department revoked Kirkland's license.

Kirkland filed a motion for reinstatement with the Department on July 26, 1993, which alleged that since he had appeared before the Buffalo County Court and entered a plea of no contest to the charge of willful reckless driving, he was entitled to have his license reinstated. Neb. Rev. Stat. § 39–669.16(4)(b) and (c) (Cum. Supp. 1992) (recodified at Neb. Rev. Stat. § 60–6,206(4)(b) and (c) (Reissue 1993)) provided that if a driving while intoxicated charge was

dismissed or if a defendant was found not guilty of violating § 39–669.07 at trial, then the defendant's license should be reinstated without payment of any reinstatement fee. On the Nebraska State Patrol citation, the prosecutor had crossed out the driving while intoxicated charge and written in the charge of willful reckless driving. Kirkland attached to the motion for reinstatement a certified copy of the transcript regarding his conviction for willful reckless driving.

The Department denied the motion for reinstatement, and Kirkland petitioned the district court for Buffalo County for judicial review. Following a hearing on September 14, 1993, the district court dismissed Kirkland's petition, finding that the order of revocation was supported by adequate and competent evidence. However, the court noted a secondary issue was presented in that Kirkland alleged that at the time of the administrative hearing on July 15, he had also appeared in the Buffalo County Court and that the prosecutor had dismissed the driving while intoxicated charge by amending the complaint to willful reckless driving.

The district court found that pursuant to the rules and regulations of the Department, it was necessary that Kirkland provide the Department with a certified copy of the dismissal of the misdemeanor charge of driving while intoxicated. Instead, Kirkland had submitted a certified copy of the judgment of conviction for willful reckless driving, which did not specifically address the disposition of the driving while intoxicated charge. Therefore, the court found that the Department had properly rejected the application for reinstatement based on insufficiency of the evidence.

On September 23, 1993, Kirkland filed a second motion for reinstatement with the Department and a certified copy of the Nebraska State Patrol citation. The Department denied the motion for reinstatement. On October 22, Kirkland filed a second petition for judicial review to the district court for Buffalo County from the Department's denial of his second motion for reinstatement.

On December 8, 1993, the district court found that the prosecutor's amendment of the complaint by interlineation was a dismissal of the driving while intoxicated charge and that the

Department's decision to revoke Kirkland's driving privileges should be vacated. The Department was ordered to immediately reinstate Kirkland's driver's license and driving privileges without payment of any reinstatement fees.

## ASSIGNMENT OF ERROR

The Department asserts that the district court erred in finding that Kirkland's driving while intoxicated charge was dismissed under § 39-669.16(4)(b).

## ANALYSIS

We do not reach the issues decided in the district court's December 8, 1993, order. Kirkland's second petition to the district court was barred under the doctrine of res judicata. Res judicata was not raised as an affirmative defense by the Department, but an appellate court may raise the issue of res judicata sua sponte. See *Hangman v. Bruening*, 247 Neb. 769, 530 N.W.2d 247 (1995). We raise the doctrine on our own motion and find that the order of the district court must be reversed and that the order of revocation issued by the Department must be reinstated.

The doctrine of res judicata is based on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. *Kuskie v. Adams Bank & Trust of Madrid, ante* p. 18, 531 N.W.2d 921 (1995). The doctrine of res judicata bars relitigation not only of those matters actually litigated, but also of those matters which might have been litigated in an earlier proceeding if (1) the former judgment was rendered by a court of competent jurisdiction, (2) the former judgment was a final judgment, (3) the former judgment was on the merits, and (4) the same parties or their privies were involved in both actions. *Id.*; *Hangman v. Bruening, supra*.

A claim before a tribunal, be it an administrative agency or municipal board, once there has been a petition for judicial review and the petition has been dismissed, is res judicata and may not, as a general rule, be relitigated. See *L. J. Vontz Constr. Co. v. City of Alliance*, 243 Neb. 334, 500 N.W.2d 173 (1993). In the present case, the former judgment was entered by

the district court on September 22, 1993, and it was a final judgment on the merits involving the same parties.

In his second petition for judicial review to the district court, Kirkland asserted that the prosecutor had dismissed the offense of driving while intoxicated and amended the complaint to willful reckless driving and that Kirkland had entered a plea of no contest and was subsequently convicted of that charge. Section 39–669.16(4) does not appear to limit the number of times a party may present suitable evidence to the Department's director to have the license reinstated, but res judicata will prevent the party from seeking judicial review of the director's denial of such application if those matters could have been litigated in an earlier proceeding.

## CONCLUSION

The doctrine of res judicata clearly applies in this case. Kirkland is not entitled to file a second motion for reinstatement based upon evidence which could have been submitted at the hearing on his first motion for reinstatement. We therefore vacate the judgment entered on December 8, 1993, by the district court for Buffalo County and remand the cause to that court with directions to reinstate the order of suspension entered by the Department.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.